# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| PATRICIA C. COLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: |
| v. | ) | 4:17-cv-00040-CDL-MSH |
| NANCY A. BERRYHILL, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY BRIEF TO MEMORANDUM IN SUPPORT OF THE COMMISSIONER'S DECISION

COMES NOW the Plaintiff and files this her Reply Brief to Memorandum in Support of the Commissioner's Decision and shows as follows.

1.

Despite the unsupported assertion by Defendant, Plaintiff clearly and concisely addressed the legal errors made by Judge Lassiter in considering Plaintiff's appeal. Specifically Plaintiff argued that under the relevant law that controls determination of eligibility for benefits that Judge Lassiter had simply ignored the substantial evidence in the medical record, of a medical expert appointed by Judge Lassiter, and by other medical experts whose findings did not support Judge Lassiter's decision. Plaintiff has properly raised issues in its Complaint and subsequent Memorandum for this Court to

consider in determining whether or not Judge Lassiter erred in denying Plaintiff's appeal. If the Plaintiff had not properly identified issues for the Court to consider, the Defendant likely would not have expended nineteen (19) pages in its brief trying to address the issues raised by Plaintiff in this action. Plaintiff cited to the appropriate federal law in her initial Memorandum. But here again Plaintiff would clearly state that she would be ruled eligible if Judge Lassiter had properly evaluated her symptoms as required by 20 C.F.R. 404.1529 and had considered her qualifying conditions together including those described at 20 C.F.R. pt. 404, subpt. P, app. 1, 1.02; 1.04; 3.02; 3.03; 3.09; and 7.08.

2.

It is not disputed that the Plaintiff suffers from multiple pulmonary emboli, sleep apnea, and shortness of breath. It is not disputed that the Plaintiff has difficulty ambulating. She testified to as much at the hearing. It is not disputed that the Plaintiff is under her husband's care and supervision 24 hours a day. It is undisputed that the Plaintiff suffers from the following conditions: septic thrombophlebitis, pulmonary embolism, degenerative lumbar disc disease, shortness of breath, deep vein thrombosis, edema, osteoarthritis, pulmonary hypertension, malignant melanoma, sleep apnea, MRSA, obesity, and hypertension. The only response Defendant offers to these facts is that, as Judge Lassiter opined, that certain aspects of Plaintiff's testimony were inconsistent with the medical record. Defendant does not explain or

point the Court to anything in the medical record that is inconsistent with Plaintiff's testimony on this issue. Rather the Defendant simply states that her contention is meritless because of an unspoken inconsistency between her testimony and the medical record. There is case law that makes it clear an administrative law judge must have specific, clear, and convincing reasons for discrediting Plaintiff's symptom testimony. Garrison v. Colvin, 759 F.3d 995 (9th Cir. 2014). Judge Lassiter did not offer any specific, clear, or convincing reasons for discrediting Plaintiff's testimony in this matter.

3.

Plaintiff has contended from the outset of her application for disability that she suffers from multiple conditions that considered cumulatively support a finding of disability. While Judge Lassiter acknowledged these conditions, he chose to ignore the substantial evidence of Plaintiff's disability. His excuse for this is that some of Plaintiff's allegations were not entirely reliable because they were inconsistent with records, limited treatment, alleged inconsistent statements, and that she had limited treatment.

4.

Plaintiff has had limited treatment because she and her husband do not have the means to pursue medical treatment. The Plaintiff should not be penalized for failure to seek medical treatment that she does not have the means to pay for. The

medical record also supports the Plaintiff's contention that her medical options for treatment are and remain extremely limited because of her multiple pulmonary emboli.

5.

Given the constant refrain in Defendant's Memorandum about inconsistency with the medical record, the notion that Judge Lassiter is going to ignore the medical record, Plaintiff's own testimony, and the opinion of physicians who examined the Plaintiff regarding her sleep apnea and related diagnoses because she remained cogent during the 45 minute hearing is absurd and flies in the face of the substantial weight of the evidence in the medical record.

6.

Defendant claims that Plaintiff made an inconsistent statement in stating that she requires 24 hour care from her husband yet he works 20 hours a week. There is no inconsistency as she has to travel with her husband even though it works a hardship on her because they do not have the means to hire a caregiver and she simply has no choice. The notion that because she testified sitting was uncomfortable for her but she did it when accompanying her husband was inconsistent is just not correct. Plaintiff has to suffer the discomfort because she has no choice, which is consistent with her testimony that she must have 24 hour care. If she did not require

24 hour care she obviously would choose to remain at home when her husband went to work.

7.

Plaintiff is not requesting the Court reweigh the evidence. Rather the Plaintiff is simply asking the Court take into consideration the entire record to see that Judge Lassiter did not have any evidence, much less substantial evidence to support his ruling. Substantial evidence "must do more than create a suspicion of the existence of the fact to be established." McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir.1988).

8.

Judge Lassiter ignored substantial evidence of Plaintiff's disability, including the opinion of Dr. Clark. Dr. Clark was a treating physician of the Plaintiff and examined the Plaintiff. Dr. Clark opined that the Plaintiff's pulmonary and musculoskeletal disease were so severe that the Plaintiff could not engage in gainful employment. While Dr. Clark is not making the ultimate decision as to whether or not the Plaintiff should be granted disability status, the opinion is relevant and should not have been ignored by Judge Lassiter. It was legal error on the part of Judge Lassiter to ignore the opinion of a medical expert who had treated and examined the Plaintiff in deciding whether or not the Plaintiff met the applicable disability standard. While making a conclusory statement that Dr. Clark's opinion was vague and inconsistent with the medical record, Defendant does not make any citation to the record to show

the portions of the record that conflict with Dr. Clark's opinion on the Plaintiff's pulmonary and musculoskeletal condition.

9.

Even more strange, Judge Lassiter ignored the medical opinion of a physician that he ordered Plaintiff to submit to an examination from which supported the opinion of Dr. Clark. The same conclusory arguments are made to discount Dr. Vester's opinion, that it is inconsistent with the record. One wonders how many doctors have to opine that the Plaintiff is unable to perform substantial work before it is no longer inconsistent with the remaining medical record. If Judge Lassiter found that Dr. Vester had not conducted a proper examination or made mistakes in his examination as the Defendant now seems to want to claim, then Judge Lassiter committed legal error to issue his decision without ordering another examination. After all, Judge Lassiter ordered this examination following the May 2015 hearing in order to get further information about Plaintiff's condition. If that examination did not yield useable information, the proper course of action would have been to order another examination from another physician. In the <u>Garrison</u> case cited earlier, the Court reversed a finding by the administrative law judge to ignore the opinions of two medical experts which supported the testimony of the Plaintiff which was similarly discredited by the administrative law judge without any showing of specific, clear, and convincing reasons to do so.

10.

The vocational expert conceded that the Plaintiff could not perform the only work the expert testified Plaintiff could do if she were prone to falling asleep periodically. Defendant cites a few cases to argue that Judge Lassiter was not credible. In Wilson v. Barnhart, 284 F.3d 1219 (11th Cir. 2002) the Plaintiff completed two college degrees after claiming disability. In this case Plaintiff has not engaged in any meanginful work of any kind. Her diagnosis of sleep apnea clearly indicates she would be prone to periodically falling asleep making her unable to perform the duties of a cashier as suggested by the vocational expert.

## CONCLUSION

Plaintiff respectfully submits that given her multiple conditions and the evidence ignored by Judge Lassiter in conducting his analysis which constituted legal error similar to that found in the case of Garrison v. Colvin, 759 F.3d 995 (9th Cir. 2014), this Court should reverse the decision of Judge Lassiter or in the alternative remand this case with instructions to conduct a new examination of the Plaintiff to determine her eligibility.

This 19th day of September, 2017.

Respectfully submitted,

*/s/ Joshua R. McKoon*

        Joshua R. McKoon

        State Bar No. 495878

        P.O. Box 2565

        Columbus, Georgia 31902

        706-324-4375

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2017 I electronically filed the foregoing with the Clerk of Court which will send notification of such filing to opposing counsel.

This 19th day of September, 2017.

                                              Respectfully submitted,

                                              */s/     Joshua R. McKoon*

                                              Joshua R. McKoon

                                              State Bar No. 495878

                                              P.O. Box 2565

                                              Columbus, Georgia 31902

                                              706-324-4375