IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| PATRICIA C. COLEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 4:17-CV-40-CDL-MSH |
| : | Social Security Appeal |
| COMMISSIONER OF SOCIAL : | |
| SECURITY, : | |
| : | |
| Defendant. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's RFC, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Patricia C. Coley filed an application for Social Security disability insurance benefits on November 15, 2012 alleging that she became disabled to work on December 2, 2011. Her claim was denied initially on January 7, 2013 and on reconsideration on June 17, 2013. She made a timely request for an evidentiary hearing before an administrative law judge (ALJ) on August 1, 2013 and the hearing was held on May 15, 2015. Plaintiff appeared with her attorney and testified, as did an impartial vocational expert (VE). Tr. 107. On March 1, 2016 the ALJ issued a written decision denying her application for benefits. Tr. 104-19. Plaintiff requested review by the Appeals Council on April 7, 2016 but was denied on December 14, 2016. Tr. 95-103, 1-7. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff brings this action seeking judicial review of the final decision by the Commissioner to deny her claim.

## STATEMENT OF FACTS AND EVIDENCE

On her alleged onset of disability date Plaintiff was forty-five years old. She has a college degree and past relevant work as an administrative assistant and teacher aide. Tr. 239, 258, 282-83. In her application, she claimed that she is unable to work due to chronic obstructive pulmonary disease and shortness of breath, osteoarthritis, depression, obesity and difficulty walking as a result of back and knee pain. Tr. 281, 134-44. The ALJ conducted the five-step sequential evaluation of her claim as required by the Commissioner's regulations and found at step two that she has severe impairments of

obesity, hypertension, histories of septic thrombophlebitis, pulmonary embolism, deep vein thrombosis, fatigue, pulmonary hypertension and left medial thigh resection, mild degenerative disc changes and small disc protrusion of the lumbar spine, sleep apnea, and methicillin resistant staphylococcus aureus.  Finding 3, Tr. 109-11.  At step three he further found that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Finding 4, Tr. 111-12.  Between steps three and four the ALJ formulated a residual functional capacity assessment (RFC) which permits Plaintiff to engage in the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a).  Finding 5, Tr. 112-14.  In his step-four analysis, the ALJ determined that Plaintiff could return to her past work as an administrative assistant and therefore found her to be not disabled.  Findings 6 and 7, Tr. 112-15.

## DISCUSSION

Plaintiff's brief before the Court does not specifically enumerate the errors she alleges the ALJ committed in the evaluation of her claim or include citations to authority except three case citations in the reply brief.  The Commissioner argues that the Court should find that Plaintiff has waived all issues on appeal by failing to set forth clearly enumerated contentions of error with specific citations to the medical record as well as authority in support of her arguments.  Comm'r Br. 5.  The Court declines to do so and has reviewed the record as a whole to determine whether the ALJ's decision is supported by substantial evidence and made after the application of the correct legal principles.

Also, the Court has attempted to identify and address any specific contentions in Plaintiff's briefs, albeit without having the benefit of clear enumerations of error.

## I. ALJ Partiality

Plaintiff first claims that the ALJ was not impartial. She bases this assertion on how the ALJ conducted the evidentiary hearing and his colloquy with her counsel. Pl.'s Br. 1, 2, 10. Plaintiff raised this issue before the Appeals Council which considered her contention under the abuse of discretion of standard found in 20 C.F.R. § 404.970. Tr. 97, 2. The Appeals Council "determined that there was no abuse of discretion" and affirmed the ALJ. *Id.* In reaching its conclusions, the Appeals Council followed its procedures in considering Plaintiff's contention and reviewed the record but found no evidence of bias and prejudice to Plaintiff in the presentation of her claim. This is proper. *Moises ex rel. Franklin v. Comm'r of Soc. Sec.,* 404 F. App'x 424, 426 (11th Cir. 2010). Plaintiff was required to raise the issue of bias and move for recusal at the earliest opportunity which, in her case, would have been at the hearing. She did not do so and cannot await a decision and then complain after an adverse one is issued. *Fries v. Comm'r of Soc. Sec.,* 196 F. App'x 827, 830 (11th Cir. 2006).

The Court also notes that the ALJ stated that he had an open mind as to the merits of Plaintiff's claim, correcting any impression of bias resulting from his colloquy with Plaintiff's attorney. Tr. 123, 125; *see also Lindsey v. Barnhart,* 161 F. App'x 862, 870 (11th Cir. 2006). Plaintiff has not pointed to any evidentiary gaps in the record which would deprive her of due process of law or shown that the ALJ did not consider all of the

6

evidence in reaching his decision. *Kelley v. Heckler,* 761 F.2d 1538, 1540-41 (11th Cir. 1985). Her claim that the ALJ was biased is without merit.

## II.     Step-Three Analysis

Next, Plaintiff argues that she should have been found disabled to work at step three. Pl.'s Br. 5. While it is unclear whether she contends that one of her severe impairments meets a particular listing or that she meets a listing because of a particular combination or combinations of impairments, the Court has considered both.

A claimant has the burden of proving an impairment meets or equals a listed impairment at step three. *Wilkinson ex rel. Wilkinson v. Bowen,* 847 F.2d 660, 662 (11th Cir. 1987). The claimant "must present specific medical findings that meet the various tests listed under the description of the applicable impairment." 20 C.F.R. §§ 404.1525-1526. Plaintiff contends that she is entitled to presumptive disability at step three because she cannot "ambulate effectively." Pl.'s Br. 4.

Based on the record as a whole including her activities of daily living, the ALJ reasonably concluded that she can ambulate effectively and set forth the evidence upon which he based that conclusion. This is the prerogative of the ALJ and where such a finding is supported by substantial evidence the Court will not disturb it. *Lewis v. Comm'r of Soc. Sec.,* 487 F. App'x 481, 483 (11th Cir. 2012). In making this finding, the ALJ can consider a claimant's credibility in assessing subjective complaints of pain or other symptoms and may discount a claimant's statements if they are unsupported or contradicted by record evidence. *Kalishek v. Comm'r of Soc. Sec.,* 470 F. App'x 868, 871 (11th Cir. 2012). While Plaintiff makes general assertions about her sleep apnea,

7

need for oxygen, pulmonary emboli, hypertension, and deep vein thrombosis, she has failed to "present specific medical findings that meet the various tests listed under the description of the applicable impairment." Her failure to do so renders her assertions of step three error by the ALJ meritless. *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986). The Court finds no step-three error here.

## III.  Plaintiff's Credibility

Plaintiff further contends that the ALJ erred in considering her statements about the limiting effects of her impairments and her subjective complaints regarding pain, fatigue, and drowsiness due to medication and her need for a cane, oxygen, and other assistive devices. Pl.'s Br. 4-6. In determining whether a claimant can return to her past relevant work or work at other jobs available to her in the national economy, the ALJ first formulates a RFC. A RFC is based on all relevant evidence of a claimant's ability to work despite impairments and is within the authority of the ALJ. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997).

Whenever a claimant claims disability to work as a result of pain or other subjective symptoms, the ALJ must assess the credibility of the statements by the claimant about the limiting effects of the asserted symptoms. If an ALJ concludes that a claimant's statements about the limiting effects of subjective symptoms are not credible, he must set forth the reasons for doing so. A reviewing court may not reweigh the evidence or fail to give substantial deference to the ALJ's decision. To do so is error. *Dyer v. Barnhart,* 395 F.3d 1206, 1211-1212 (11th Cir. 2005).

Here, the ALJ properly set forth the process for evaluating subjective symptoms in his written decision and gave specific reasons why he discounted Plaintiff's statements and testimony. Tr. 112. He found that the medical evidence did not substantiate Plaintiff's need for a cane to ambulate, noting specifically that treating physician John DeClue, M.D., made no reference to a cane in a December 2011 examination. A cane is not referenced in hospital records from October to November 2012. Likewise, records of her care at Horizons Diagnostics in 2014 and 2015 make no reference to a cane. Office notes from Badahir Baris, M.D., in March 2015 do not mention a cane, despite their including a discussion of Plaintiff's need for exercise and a prescribed exercise routine.

The ALJ also noted that her complaints of respiratory difficulty are unsupported by the record. Examinations routinely found clear breathing and chest x-rays showed no acute cardiopulmonary processes over an extended time frame. A spirometry study in October 2014 was negative for any breathing problems. As to her assertions of sleep apnea, the ALJ reviewed a March 2015 sleep study which found her to have acceptable sleep efficiency—including her self-report that she "sleeps all night without any difficulty"—and concluded that her sleep left her rested and refreshed. Tr. 113. Back and knee pain were also found to be unsupported by testing and clinical examinations. She was found to have a full range of motion without tenderness in November 2012 and normal gait and strength and no joint tenderness in examinations conducted in October 2014 and April 2015. Tr. 113-14. A consultative examination in November 2015 established that she has no spinal deformity, negative straight leg raises and a full range of motion through her extremities. Ex. 22F, Tr. 114. The ALJ adequately explained his

reasons for discounting Plaintiff's credibility about the disabling effects of her asserted subjective symptoms. The Court finds no error.

## IV. Weight Given to Physicians' Opinions

Plaintiff further contends that the ALJ erred in the weight he gave to the opinions of two physicians, Drs. Vester and Clark. Pl.'s Br. 6; Pl.'s Reply 5, 6. Dr. Alphonza Vester saw Plaintiff as a consultative examiner in November 2015. The ALJ assigned little weight to his findings noting that they are contrary to Plaintiff's history of minimal treatment and largely mild MRI results. Tr. 114. Dr. Curtis Clark stated in May 2015 that Plaintiff was precluded from working due to shortness of breath, pulmonary emboli, and musculoskeletal disease. The ALJ found these statements to lack any support in the record of medical evidence and to be contradicted by objective testing such as spirometry with normal findings, normal sleep study, and unremarkable chest x-rays. He gave Dr. Clark's statements "some weight" to account for the doctor's conclusions about intermittent breath issues and mild musculoskeletal pain. Tr. 114. The ALJ adequately explained the weight given to these two doctors and his reasons for so doing. The ALJ followed the five-step sequential analysis required by the Commissioner's regulations and provided a sufficient explanation for his findings which permits a court to exercise meaningful judicial review. *Timmons v. Comm'r of Soc. Sec.,* 522 F. App'x 897, 905 (11th Cir. 2013). The ALJ did so and no error is present.

## V. Representative Occupations

Finally, Plaintiff makes a step-five assertion of error as to one of the representative occupations identified by the vocational expert at the evidentiary hearing. Pl.'s Br. 7.

10

The ALJ decided that Plaintiff was not disabled to work because the RFC formulation permits her to resume past relevant work as an administrative assistant. Finding 6, Tr. 114-15. Because the ALJ decided Plaintiff's claim at step four, the step-five evidence elicited through the vocational expert's testimony is irrelevant. This assertion of error is likewise without merit.

## CONCLUSION

For the reasons explained above, it is recommended that the Commissioner's decision in this case be affirmed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy thereof. The district judge shall review *de novo* those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 23rd day of February, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE