IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| PATRICIA C. COLEY, | : |
|       Plaintiff, | :   CASO NO. 4:17-CV-40-CDL-MSH |
| | :   Social Security Appeal |
| v. | : |
| COMMISSIONER OF SOCIAL SECURITY, | : |
|       Defendant. | : |

**PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursant to Federal Rule of Civil Procedure 72(b), plaintiff Patricia C. Coley objects to the Magistrate Judge's report and recommendation (R&R) (Doc. # 15) filed February 23, 2018. The Magistrate Judge erred in recommending that the Commissioner's decision be affirmed by:

- By finding that the ALJ's conclusion the Plaintiff can ambulate was supported by substantial evidence. R&R at 7.

- By finding that Plaintiff only argued she should have been found disabled to work at step three of the disability analysis. R&R at 7.

- By granting the ALJ too much discretion to assess Plaintiff's subjective complaints of pain and to discount a claimant's statements supported by record evidence. R&R at 7.

- By finding that Appeals Council properly considered evidence of bias and prejudice to Plaintiff in the presentation of her claim to the ALJ. R&R at 7.

- By finding that Plaintiff's claim of bias to be without merit. R&R at 7.

- By giving too great of a deference to the ALJ's findings regarding the use of a cane by Plaintiff as the operative test for ability to ambulate. R&R at 9.

- By improperly dismissing the medical opinions of Drs. Alphonza Vester and Curtis Clark issued in November 2014 and May 2015, respectively, based on medical records from 2012 and earlier. R&R at 9.

## ARGUMENT

**I. The Magistrate Judge erred by finding that the ALJ's conclusion the Plaintiff can ambulate was supported by substantial evidence.**

The ALJ concluded that Plaintiff can ambulate effectively. R&R at 7. Upon review the Magistrate Judge found Plaintiff presented no findings that support a lack of ambulatory capacity and no error in the ALJ's determination. R&R at 8.

The overwhelming weight of evidence regarding Plaintiff's need for a cane runs counter to the ALJ's conclusions. The record is replete with specific references to Plaintiff's difficulty ambulating in the testimony of Plaintiff and Drs. Alphonza Vester and Curtis Clark. Doc. # 7. Indeed there is very little evidence to support the ALJ's conclusion that Plaintiff does not require a cane, certainly not the substantial evidence required for the ALJ's finding as required. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

The ALJ also failed to evaluate the intensity and persistence of Plaintiff's symptoms, including that they may have worsened or changed between 2011 and 2015 that necessitated use of a cane or other ambulatory assistance at different points, but nonetheless left Plaintiff disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

While the ALJ may consider a claimant's credibility in assessing subjective complaints of pain, as the Magistrate Judge noted, this analysis does not extend to non-subjective factors, such as the need for a cane. The need for a cane is an objective medical determination that is not due the same deference on review as subjective findings. The ALJ must find objective reasons for discounting the testimony of Drs. Alphonza Vester and Curtis Clark and selective reliance on one or two tests, of hundreds, does not meet the substantial evidence standard. *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). The

ALJ erred in finding Plaintiff can ambulate effectively and the Magistrate Judge erred in upholding that determination by applying the incorrect standard on review.

## II. The Magistrate Judge erred by finding that Plaintiff only argued she should have been found too disabled to work at step three of the disability analysis.

Upon review the Magistrate Judge found that Plaintiff only argued she should have been found too disabled to work at step three of the disability analysis due to an inability to ambulate. R&R at 7. In Plaintiff's Brief in Support of Complaint to Overturn the Decision of the Commissioner of Social Security, Plaintiff argued that the constellation of symptoms Plaintiff experiences, including but not limited to difficulty ambulating, but also obesity, hypertension, septic thrombophlebitis, pulmonary embolism, deep vein thrombosis, fatigue, pulmonary hypertension, left medial thigh resection, mild degenerative disc changes, small disc protrusion of the lumbar spine, sleep apnea, methicillin resistant staphylococcus aureus, and symptoms from Plaintiff's powerful prescription, including fentanyl and other powerful mind-altering medications, result in the disability. Doc. # 11.

The ALJ was required, but failed, to address the degree of impairment caused by the "combination of physical and mental medical problems." *Strickland v. Harris*, 615 F.2d 1103, 1110 (5th Cir. 1980) (emphasis in original); *see also Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir.1985). It is these combination of problems that gives rise to Plaintiff's disability. The Magistrate Judge erred by failing to properly consider all of the arguments upon which Plaintiff seeks review.

## III. The Magistrate Judge erred by granting the ALJ too much discretion to assess Plaintiff's subjective complaints of pain and to discount a claimant's statements supported by record evidence.

Upon review the Magistrate Judge found that the ALJ can consider a claimant's credibility in assessing subjective complaints of pain or other symptoms and may discount a claimant's statements if they are unsupported or contradicted by evidence. R&R at 7. This deference is not unlimited, however. To discount the claimant's statements, they must be unsupported or contradicted. Plaintiff's statements

are not unsupported, they are extensively documented by the testimony of Drs. Alphonza Vester and Curtis Clark. The ALJ simply found other excuses to reject the testimony of Drs. Alphonza Vester and Curtis Clark too.

To the extent that the ALJ asserts in his report there is contradictory evidence regarding Plaintiff's statements, the ALJ "cherry picked" medical records from 2012, prior to the assessments of Drs. Vester and Clark, and pointed to a lack of documentation regarding a cane at the time. The contradictory evidence the ALJ went to great length to locate and highly was conjured from little and is not due the same degree of deference. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

### IV. The Magistrate Judge erred by finding that Appeals Council properly considered evidence of bias and prejudice to Plaintiff in the presentation of her claim to the ALJ.

The Appeals Council "determined that there was no abuse of discretion" and affirmed the ALJ's decision, finding no evidence of bias or prejudice towards Plaintiff. The Social Security Act requires that a claimant's hearing be both full and fair. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir.1996) (per curiam). Upon review the Magistrate Judge found that the Appeals Council followed it's procedures in considering Plaintiff's contention and the analysis ends there. In conducting a review for bias the Magistrate Judge should have looked beyond the mere formalities of the Appeals Council review and addressed specific concerns of bias raised by Plaintiff. *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 875 (11th Cir. 2011). Following mere formalities could permit bias to continue unaddressed systematically.

The Magistrate Judge also suggestions that that counsel for Plaintiff should have moved for recusal of the ALJ at the hearing. It is obvious why, when bias is suspected, such a gesture could further inflame potential bias and is more properly reviewed on appeal. The Defendant leaves the option for reviewing for bias on appeal to the Appeals Council in their own publications. *Id.* (citing SSA Pub. No. 05-10071 (2010)).

The Magistrate Judge then asserts that after several minutes of berating counsel for Plaintiff that

simply stating the ALJ would maintain an "open mind" absolves the ALJ of the taint of bias. It does not.

Finally the Magistrate Judge finds that Plaintiff has not pointed to any evidentiary gaps in the record. Indeed Plaintiff's brief illuminates several gaps in the evidentiary record, including the ALJ's complete and unjustified dismissal of the testimony of Drs. Alphonza Vester and Curtis Clark, which the ALJ went to unusual and unjustified lengths to discredit after discrediting the testimony of Plaintiff. Doc. # 7.

**V. The Magistrate Judge erred by finding that Plaintiff's claim of bias to be without merit.**

The Magistrate Judge found that Plaintiff's claim that the ALJ was biased is without merit. A review of the transcript in this case shows that the ALJ was condescending and bullying towards counsel for Plaintiff. It is clear from record that the ALJ was hostile from the beginning towards Plaintiff, her counsel, and her case. The ALJ went beyond questioning regarding the facts to attack Plaintiff for filing procedures, which is beyond the scope of ALJ's inquiry. *McCrea v. Astrue*, 407 F. App'x 394, 397 (11th Cir. 2011).

**VI. The Magistrate Judge erred by giving too great of a deference to the ALJ's findings regarding the use of a cane by Plaintiff as the operative test for ability to ambulate.**

The ALJ made cherry picked findings regarding the Plaintiff's need or lack of need for a cane from the record, including records that were three and four years old, prior to the date that Plaintiff asserts a disability. The Magistrate Judge the found that the ALJ properly set forth a process for a subjective symptoms and gave reasons why the ALJ he discounted Plaintiff's statement and testimony. However, the use of a cane is not a subjective symptom. *See* I above. Instead, the ALJ conjured the lack of a need for a claim from omission from a few select medical records and did not properly consider the Plaintiff's condition as a whole as set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.

**VII. The Magistrate Judge erred by improperly dismissing the medical opinions of Drs. Alphonza Vester and Curtis Clark.**

The ALJ wholly rejected the testimony of Drs. Alphonza Vester and Curtis Clark. The Magistrate Judge found that the ALJ adequately explained the weight given to these two doctors and his reasons for doing so. Simply acknowledging the ALJ made a determination is not sufficient review, there must be substantial objective evidence for the ALJ to have rejected the testimony of Drs. Alphonza Vester and Curtis Clark, which the record does not contain and the Magistrate Judge failed to consider. *Edwards* at 583.

## CONCLUSION

For the foregoing reasons, the Court should reject the Magistrate Judge's Report and Recommendations and reverse the decision of the Commissioner of Social Security, or, in the alternative, remand the case for rehearing before the Commissioner for additional evidence.

This 8th day of March, 2018.

Respectfully submitted,

___/s/_____
Joshua R. McKoon
MCKOON LAW GROUP LLC
State Bar No. 495878
P.O. Box 2565
Columbus, GA 31902

IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PATRICIA C. COLEY, | : | |
| Plaintiff, | : | CASO NO. 4:17-CV-40-CDL-MSH |
| | : | Social Security Appeal |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on March 8th, 2018, I electronically filed the foregoing with the Clerk of Court which will send notification of such filing to opposing counsel.

This 8th day of March, 2018.

Respectfully submitted,

___/s/_____
Joshua R. McKoon
MCKOON LAW GROUP LLC
State Bar No. 495878
P.O. Box 2565
Columbus, GA 31902